## OFFER TO PURCHASE.

Circuit Court of Ashland County.

THE DURANT-DORT CARRIAGE CO. V. S. L. KARTH & BRO.

Decided, October 21, 1910.

*Sales—Offer to Purchase Distinguished from Contract to Purchase—
Action on Alleged Breach of Contract of Purchase—Objection Sus-
tained to Introduction of any Evidence.*

An offer to purchase goods in accordance with a proposition thereto-
fore submitted, does not constitute an enforcible contract of pur-
chase, until the offer has been submitted to the seller and approved
by him.

*J. W. Mykrantz,* for plaintiff in error.
*Chapman & Taggart,* contra.

TAGGART, J.; DONNELLY, J., and VOORHEES, J., concur.

The question in this proceeding in error is as to the action of
the trial court in sustaining an objection to the introduction
of any testimony, after a jury was impanneled to try the cause,
which objection was sustained by the court, and a verdict di-
rected, and the petition dismissed.

If the amended petition, upon which this case was put to trial,
contains facts constituting a cause of action, then the action of
the court was erroneous and prejudicial. If, however, the
amended petition does not state facts constituting a cause of
action, then the action of the court in sustaining the objection
to the introduction of any testimony was proper.

The action in the court below was based upon an alleged writ-
ten contract, and the amended petition refers to a copy which
is attached thereto and made a part thereof, marked Exhibit
"A," and then refers to the terms of the alleged contract, and
from the terms so referred to the right is claimed to recover for
the damages stipulated therein.

The court has the right, in construing the petition, to look to
the exhibit that is made a part thereof, not to help out the
petition to make a good cause of action, but may look to it for
the purpose of determining whether the averments of the peti-

tion are supported by the exhibit and if there is a variance between the terms of the exhibit and the allegations of the petition, the exhibit must control and the court may declare the petition insufficient.

The examination of the exhibit attached to the amended petition does not sustain the averment that the cause of action is founded upon a written contract. The exhibit, by its terms, is simply an order or an offer to purchase certain goods of the plaintiff, according to the terms of the order or offer, so made by the defendants. One of the terms and conditions of this order or offer to purchase is as follows, "Subject to approval of the Durant-Dort Carriage Co."

Now, it is averred in the amended petition that the plaintiff accepted said order and approved the same, and fully performed its entire part of said contract. But the exhibit itself contains no approval, nor evidence of approval by the plaintiff, neither is it averred that such an approval was ever communicated to the defendants, and the averment that it fully performed its entire part of said contract, we think, is clearly referable to the fact that it constructed the buggies named therein.

But, it is a clear rule of law, sustained by abundant authorities, that an order or offer to purchase goods, under a written or printed order, similar to the exhibit attached to the amended petition, is a mere offer, and before notice of acceptance may be revoked by the party making the offer or signing the order. This amended petition avers that the defendants refused to accept the goods or refused to give any orders for shipment. It is not shown that they had in any wise accepted, or had any knowledge of the approval of said order by the plaintiffs, and such refusal was the equivalent of revocation of the order so made by them.

We think there was no error in the action of the court in sustaining the objection to the introduction of any testimony, as in our judgment this amended petition did not state a cause of action.

The judgment of the court of common pleas is affirmed with costs, and remanded for execution. Exceptions will be noted.